UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
UNITED STATES OF AMERICA,           :
                                    :
                Plaintiff,          :
                                    :      Case No. 10-CR-00654 (HB)
        v.                          :
                                    :
CAROLLO, ET AL.,                    :
                                    :
                Defendants          :
------------------------------------------------------X

## MEMORANDUM OF LAW
## IN SUPPORT OF DANIEL NAEH'S MOTION TO QUASH

HOFFINGER STERN & ROSS LLP
150 East 58th Street, 19th Floor
New York, NY 10155
(212) 421-4000
*Attorneys for Non-Party Daniel Naeh*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

Preliminary Statement ............................................................................................................ 1

Statement of Facts ............................................................................................................. 1, 2

Argument ............................................................................................................................... 3

      A.  The Subpoena Impermissibly Seeks Documents for
          Potential Impeachment Only ............................................................................ 3

      B.  The Subpoena Impermissibly Seeks Documents Protected
          by the Attorney-Client Privilege ..................................................................... 5

Conclusion ............................................................................................................................. 6

# TABLE OF AUTHORITIES

## Cases

Rahman v. Smith & Wollensky Rest. Group, Inc.,
    No. 06 CV 6198, 2007 WL 1521117 (S.D.N.Y. 2007) ......................................................... 5

United States v. Cherry,
    876 F. Supp. 547 (S.D.N.Y. 1995) ....................................................................................... 4

United States v. Constr. Prods. Research,
    73 F.3d 464 (2d Cir. 1996) .................................................................................................... 5

United States v. Coriaty,
    No. 99 CR 1251, 2000 WL 1099920 (S.D.N.Y. 2000) ......................................................... 4

United States v. Jasper,
    No. 00 CR 825, 2003 WL 110726 (S.D.N.Y. 2003) ............................................................. 3

United States v. Nixon,
    418 U.S. 683 (1974) ........................................................................................................ 3, 4

United States v. Treacy,
    No. 08 CR 0366, 2008 WL 5082884 (S.D.N.Y. 2008) ......................................................... 3

## Laws and Rules

Fed. R. Crim. P. 17(c) ................................................................................................... 1, 3, 4

Fed. R. Crim. P. 17(c)(2) ..................................................................................................... 1

Fed. R. Evidence 608(b) ...................................................................................................... 4

Fed. R. Evidence 609 ........................................................................................................... 4

15 U.S.C. § 1 ........................................................................................................................ 2

18 U.S.C. § 371 .................................................................................................................... 2

18 U.S.C. § 1343 .................................................................................................................. 2

**Preliminary Statement**

Pursuant to Fed. R. Crim. P. 17(c)(2), non-party Daniel Naeh – a cooperating government witness – respectfully requests that this Court quash the requests in Defendant Steven Goldberg's February 10, 2012 subpoena as improper under Rule 17(c) because the documents requested are not admissible at trial but are at best possible impeachment material. (The "Goldberg Subpoena" is attached as Exhibit 1 to the accompanying Declaration of Susan Hoffinger ("Hoffinger Decl.")) The documents requested -- Mr. Naeh's and his wife's personal tax returns and bank account records and related correspondence with his counsel, accountant, Department of Justice ("DOJ") and others -- have no evidentiary value or relevance to the charges in this case of fraud and conspiracy to rig bids in connection with contracts for investment of municipal bond proceeds and other municipal finance contracts.

Moreover, Mr. Goldberg's Requests 4(1) and 6(1) for Mr. Naeh's correspondence with his counsel concerning his tax returns and bank accounts improperly seek documents protected by the attorney-client privilege.

Lastly, Mr. Goldberg's Requests 4(3) and 6(3) for Mr. Naeh's "correspondence with the United States Government, including but not limited to the Department of Justice, Antitrust Division," are moot: Mr. Naeh has no responsive documents. However, if such correspondence ever existed, it should have been obtained from DOJ.

Under the circumstances, we ask the Court to quash the Goldberg Subpoena in its entirety.

**Statement of Facts**

From approximately 1990 to August of 2004, Mr. Naeh worked for CDR, a company that marketed financial products and services, including services as a broker and advisor, to various

1

municipalities throughout the United States. (Hoffinger Decl. ¶ 4.) On February 23, 2010 Mr. Naeh pled guilty to (1) conspiracy to allocate and rig bids for investment agreements or other municipal finance contracts from approximately 1998 to 2006 (15 U.S.C. § 1), (2) conspiracy to defraud municipal issuers, the U.S. and the IRS from approximately 2001 to 2006 (18 U.S.C. § 371), and (3) wire fraud in furtherance of a scheme to defraud municipal issuers in approximately 2002 (18 U.S.C.§ 1343). In connection with his plea, Mr. Naeh entered into a cooperation agreement with DOJ. (Hoffinger Decl. ¶ 5.)

As the Court is aware, Mr. Goldberg is charged with participation in fraud schemes and conspiracies related to bidding for contracts for the investment of municipal bond proceeds and other municipal finance contracts, from about 1999 to 2006. Mr. Goldberg is charged with having conspired with CDR, among others. Mr. Naeh is expected to be called as a government witness in the case against Mr. Goldberg, scheduled for trial on April 9, 2012. (Hoffinger Decl. ¶ 6.)

On February 10, 2012 Mr. Goldberg's counsel provided the Goldberg Subpoena to our firm, requesting documents from Mr. Naeh (who resides in Israel) relating to Mr. Naeh's and his wife's (1) tax returns filed for the tax years 2007 and 2008 and (2) bank accounts in Switzerland from 2006 to the present. Concerning the Naeh 2007 and 2008 tax returns, Mr. Goldberg seeks underlying documentation, accountant work papers, and related correspondence with counsel, with any accountant, and with the United States Government, including the DOJ Antitrust Division. (See Requests 1-4.) In connection with funds transferred to any bank account in Switzerland from 2006 to the present, Mr. Goldberg seeks related correspondence with counsel, with any accountant, with the United States Government, including the DOJ Antitrust Division, with a bank and others. (See Request 6.)

## Argument

Mr. Naeh objects to the Goldberg Subpoena because the requests run afoul of Rule 17(c): they seek documents that are unrelated to, and fall outside the period of, the conspiracies and frauds for which Mr. Goldberg is charged -- documents that will not be admissible at trial but can only be used for potential impeachment of Mr. Naeh. The production of these documents is precluded under Rule 17(c).

### A. The Subpoena Impermissibly Seeks Documents for Potential Impeachment Only

It is well established that the proponent of the subpoena, Mr. Goldberg, bears the burden of demonstrating the evidentiary purpose and relevancy of the documents he requests under Rule 17(c). In United States v. Nixon, 418 U.S. 683, 700 (1974), the Supreme Court made clear that the proponent of the subpoena "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." At least two of those hurdles -- relevancy and admissibility -- cannot be cleared with respect to the Naeh tax returns, bank account records and related documents.

The Supreme Court in Nixon established that Rule 17(c) subpoenas may not be used to obtain pre-trial discovery for materials whose use is limited to potential impeachment. See Nixon, 418 U.S. at 700-01. Following Nixon, Southern District Courts have repeatedly quashed Rule 17(c) subpoenas seeking to obtain impeachment materials. See United States. v. Treacy, 2008 WL 5082884 (S.D.N.Y. 2008, Carter, J.)(defendant's subpoena to third parties seeking documents from law firms, consultants, and tax auditors quashed because defendant did not demonstrate that documents sought had any evidentiary value outside impeachment); United States v. Jasper, 2003 WL 110726 at *1-2 (S.D.N.Y. 2003, Leisure, J.) (defendant's subpoena for the personnel files of three potential government witnesses quashed because defendant

3

"failed to show that the documents sought in the subpoena will be used for anything other than impeachment purposes."); United States v. Cherry, 876 F. Supp. 547, 553 (S.D.N.Y. 1995, Haight, J.) (defendant's subpoena quashed where documents sought could be used only as impeachment material, because such "narrow purpose does not qualify them as evidentiary under Rule 17(c)").

In our case, the Naeh tax returns and bank account records being sought have no purpose other than potential impeachment, and therefore are not permitted by Rule 17(c). In United States. v. Coriaty, 2000 WL 1099920 (S.D.N.Y. 2000, Batts, J.), the court denied defendants' subpoenas to non-parties for personal and business tax returns, business income and expense reports, and brokerage account records where the defendants -- charged with conspiracy, securities fraud and wire fraud -- failed to demonstrate that the material sought was either evidentiary or relevant. The Court confirmed that "courts have consistently interpreted the admissibility standard of Rule 17(c) to preclude production of materials whose evidentiary use is limited to impeachment." Id. at *7-8 (citing Cherry, 876 F. Supp 547 and Nixon, 418 U.S. at 701).

How the Naeh tax returns and bank account records are either relevant to the charges at issue in this case, or admissible in evidence – the first two hurdles established by Nixon – escapes comprehension. Their possible use to impeach Mr. Naeh is manifestly insufficient to demand their production.[1]  The Court should quash the Goldberg Subpoena in its entirety.

---

[1] See, e.g., Rule 608(b) which provides that: "Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than the conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence." The documents sought here are inadmissible extrinsic evidence.

Notably, with respect to the Naeh tax returns, although there is no privilege protecting tax returns, the courts have been reluctant to require disclosure of tax returns because of both "the

4

## B. The Subpoena Impermissibly Requests Documents Protected by the Attorney-Client Privilege

Even if the documents requested were plainly relevant and admissible, beyond use only for potential impeachment, as Nixon and its progeny require, Mr. Goldberg's Requests 4(1) and 6(1) should be quashed in any event because Mr. Naeh's correspondence with counsel is protected by the attorney-client privilege.

Request 4(1) seeks correspondence between Mr. Naeh and his counsel related to the Naeh 2007 and 2008 tax returns. Request 6(1) seeks correspondence with counsel relating to "funds transferred to any bank in Switzerland." The documents sought are correspondence between Mr. Naeh and his tax counsel, kept confidential, seeking and providing legal advice concerning the Naeh tax returns and related tax reporting. (Hoffinger Decl. ¶ 3.)

The correspondence requested meets the essential elements for privileged communications: "(1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) [was] made for the purpose of obtaining or providing legal advice." United States v. Constr. Prods. Research, 73 F.3d 464, 473 (2d Cir. 1996). Requests 4(1) and 6(1) should be quashed. [2]

---

private nature of the sensitive information contained therein" and "the public interest in encouraging the filing by taxpayers of complete and accurate returns." Rahman v. Smith & Wollensky Rest. Group, Inc., 2007 WL 1521117 at *7 (S.D.N.Y. 2007, Francis IV, U.S.M.J.) (internal citations removed).

[2] Requests 4(3) and 6(3) for Mr. Naeh's "correspondence with the United States Government, including but not limited to the Department of Justice, Antitrust Division," are moot: Mr. Naeh has no responsive documents. However, if such correspondence ever existed, it should have been obtained from DOJ.

5

## Conclusion

We respectfully request that the Court quash the Goldberg Subpoena in its entirety because the documents requested are neither relevant nor admissible, and therefore not properly discoverable under Rule 17(c). Moreover, Requests 4(1) and 6(1) improperly demand documents protected by the attorney-client privilege.

Dated: New York, New York
       February 22, 2012

                              HOFFINGER STERN & ROSS, LLP

                          BY:   _____
                                      Susan Hoffinger