UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA, :
: Case No. 10-CR-00654 (HB)
Plaintiff, :
: **DECLARATION OF SUSAN**
v. : **HOFFINGER IN SUPPORT**
: **OF NAEH'S MOTION TO**
CAROLLO, ET AL., : **QUASH SECOND**
: **GOLDBERG SUBPOENA**
Defendants. :
-----------------------------------------------------------X

SUSAN HOFFINGER, hereby declares under penalty of perjury, pursuant to 28 U.S.C § 1746, as follows:

1. I am a member of the law firm Hoffinger Stern & Ross LLP, attorneys for non-party subpoena recipient Daniel Naeh, a cooperating government witness scheduled to testify at trial in this matter. I submit this declaration in support of Mr. Naeh's Motion to Quash the latest subpoena issued by defendant Steven Goldberg.

2. On March 1, 2012, counsel for Mr. Goldberg provided our firm with a second subpoena directed to Mr. Naeh, returnable on April 9, 2012 ("the Second Goldberg Subpoena").[1] A true and correct copy of the Second Goldberg Subpoena is attached hereto as Exhibit 1.

3. As more fully described in the accompanying Memorandum of Law, Mr. Naeh respectfully requests that the Court quash the Second Goldberg Subpoena. First, Mr. Goldberg seeks financial documents and tax returns from Mr. Naeh's company, Integrated Capital Strategies ("ICS"). Those documents are neither relevant nor admissible in evidence in the case against Mr. Goldberg, and should therefore be precluded under Rule 17(c). Second, Mr.

---

[1] On February 10, 2012, Mr. Goldberg issued his first subpoena to Mr. Naeh, which we moved to quash on February 23, 2012. Our motion to quash is pending before the Court.

1

Goldberg seeks CDR documents reflecting CDR fees and certifications. Mr. Naeh already produced to the Department of Justice ("DOJ") numerous CDR documents, which we understand DOJ thereafter produced to Mr. Goldberg. Mr. Naeh should not be compelled to produce those CDR documents that he already produced to DOJ. To the extent that Mr. Naeh has any responsive CDR documents that were not produced to DOJ, we will produce those to Mr. Goldberg.

4. From approximately 1990 to August of 2004, Mr. Naeh worked for CDR, a company that marketed financial products and services, including services as a broker and advisor, to various municipalities throughout the United States.  After he left CDR, in 2004, Mr. Naeh founded his own company, ICS, to provide investment advisory and bidding services to tax exempt entities in the United States.

5. Mr. Goldberg is charged with having conspired with CDR in connection with bidding for contracts for the investment of municipal bond proceeds and other municipal finance contracts, from about 1999 to 2006.  Mr. Goldberg is not charged with having conspired with Mr. Naeh's personal company, ICS.

6.  On February 23, 2010, Mr. Naeh pled guilty to three crimes, 15 U.S.C. § 1, 18 U.S.C. § 371 and 18 U.S.C. § 1343 – committed while Mr. Naeh was employed with CDR. Attached hereto as Exhibit 2 is a true and correct copy of Mr. Naeh's plea agreement with the Department of Justice, which sets out in Schedule A Mr. Naeh's factual plea statement specifying that those crimes were committed "while employed with CDR."

7. Mr. Naeh has never been charged with any crimes in connection with his work for his company, ICS.

8. Mr. Naeh produced to DOJ numerous CDR documents. It is my understanding that DOJ thereafter produced those documents to Mr. Goldberg – excluding any documents protected by CDR's attorney-client privilege. It is also my understanding that DOJ has reached out to Mr. Goldberg's counsel to resolve any concerns about the CDR documents that DOJ produced to defendants.

Executed:   New York, New York
            March 9, 2012

_____
SUSAN HOFFINGER