# EXHIBIT 1

AO 89  (Rev  08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Carollo, et. al. | ) | Case No.  1:10-cr-00654-HB |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:   Daniel M. Naeh

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: United States District Court | Courtroom No.: 23B |
|---|---|
| 500 Pearl St.<br>New York, NY 10007 | Date and Time: 04/09/2012 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

Please see Exhibit A, attached.

*(SEAL)*

Date:  3/1/12

**RUBY J. KRAJICK**

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      Steven E. Goldberg
_____ , who requests this subpoena, are:

Daniel M. Gitner, Esq.
Lankler Siffert & Wohl LLP
500 Fifth Avenue
New York, NY 10110

dgitner@lswlaw.com
(212) 921-8399

AO 89  (Rev  08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No.   1:10-cr-00654-HB

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc:

## EXHIBIT A

### DEFINITIONS

1.          Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense. As used in these requests, the words set forth below shall be defined as follows:

2.          "ICS" means your company Integrated Capital Strategies LLC and includes without limitation any predecessors, successors, parents, subsidiaries, affiliates, and assigns located in either the United States or Israel.

3.          "CDR" means Chambers, Dunhill, Rubin, Rubin & Co. and includes without limitation any predecessors, successors, parents, subsidiaries, affiliates, and assigns

4.          "Municipal issuer" means any state, county, city, or other governmental or quasi-governmental entity that issues municipal bonds.

5.          "Municipal investment agreement" means any investment product, contract, or other instrument in which the proceeds raised from a municipal bond offering are invested.

6.          "Swap" means any exchange in interest payment obligations owed as the result of the sale of a municipal investment agreement.

7.          "Broker" means any company, firm, or individual engaged by a municipal issuer to conduct the bidding or purchase of municipal investment agreements.

8.          "Provider" means any financial institution, including without limitation banks, investment banks, insurance companies, and financial services companies that offers municipal investment agreements through its employees or agents.

9.          "Swap counterparty" means any financial institution, including without limitation banks, investment banks, insurance companies, and financial services companies that engages in swap transactions through its employees or agents.

10.          "Financial advisor" means any agent or employee of a municipal issuer who provides financial guidance in connection with the bidding or purchase of municipal investment agreements.

11.          "Bond counsel" means any attorney who provides guidance to a municipal issuer in connection with the bidding or purchase of municipal investment agreements.

12.          "Document(s)" includes all "writings," "recordings" and "photographs" and includes, without limitation, the following: documents; letters; memos; records; telegrams; telexes; cables prepared, drafted, received or sent; statements; notes; diaries; books; pamphlets; brochures; reports; analyses; contracts; agreements; proposals; invoices; purchase orders; credit memos; memoranda of telephone or in-person conversations; calculation sheets; computer-generated reports, whether on hard copy or on disk or similar format; worksheets; charts; graphs; blueprints; drawings; specifications; calendars; account books and ledgers; photographs; pictures; files; recorded audio and video tape; any drafts, compilations, abstracts or summaries of the above and all papers similar to the foregoing, however denominated. Without limitation, the term documents includes all documents in your actual or constructive possession, custody or control, whether prepared, published or released by you to any other person or entity and any copy which differs in any respect from the original or other versions of the documents, such as copies containing notations, insertions, corrections, marginal notes or any other variations.

13.          "Correspondence" means any form of written communication between two or more persons or entities, including, but not limited to, letters, facsimiles, memoranda, e-mail, written notes or transcriptions of oral conversations.

14.          "Person" means any natural person.

15.          "You" and "your" includes you and all agent(s) under your control.

2

16.     "Each" includes "every" and vice versa.

17.     The word "any" includes "all" and vice versa.

18.     The words "relating to" shall mean reflecting, referring to, concerning, describing, evidencing or constituting.

19.     The singular includes the plural and vice versa.

20.     The past tense shall be construed to include the present tense and vice versa.

## INSTRUCTIONS

1.     These requests are intended to cover all documents in your possession, custody or control, whether located at any of your offices, or at the offices of your successors or assigns, agents, accountants, attorneys, assistants, bankers, brokers, or others, or at any other place.  If any document was, but is no longer, in your possession or subject to your control, or in existence, state whether it (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred, voluntarily or involuntarily, to others (and if so, to whom); or (iv) has been disposed of in some other manner.  If you have reason to believe a responsive document is in the possession of a third party, state (i) the basis for this belief; (ii) the party believed to be in possession of the responsive document(s); (iii) where you believe the responsive document(s) may be located; and (iv) other information as is sufficient to identify the document for a subpoena to testify at a hearing or trial in a criminal case.

2.     Your production should include every document above defined known to you and every such document which can be located or discovered by reasonably diligent efforts by you.

3.     If any of the requested documents cannot be disclosed or produced in full, produce the documents to the extent possible, and specify your reasons for your inability to

3

produce the remainder, stating whatever information, knowledge or belief you have concerning the unproduced portions.

4.         If any of the documents requested below are claimed to be privileged or are otherwise withheld, you are requested to provide a privilege log which identifies: (i) the basis for asserting the claim of privilege, and the precise ground on which the document is withheld; (ii) the type of document; (iii) the identity of the document's author(s) and its addressee(s), and every person who prepared or received the document or any portion thereof; (iv) the relationship of its author(s) and its addressee(s); (v) the title and other identifying data of the document; (vi) the date of the document; and (vii) the subject matter of the document and/or any attachment(s) to the document; (viii) the number of pages comprising the document; and (ix) whether the document is typewritten or handwritten.

5.         If a document responsive to a request has been lost or destroyed, it should be identified as follows: (i) preparer, addressor (if different); (ii) addressee; (iii) each recipient and each person to whom distributed or shown; (iv) date prepared; (v) date transmitted (if different); (vi) date received; (vii) description of contents and subject matter; (viii) date of destruction; (ix) manner of destruction; (x) name, title and address of the person who directed that the document be destroyed and (if different) the person who destroyed the document; (xi) the reason for the document's destruction; (xii) the names of persons having knowledge of the destruction; and (xiii) a full description of the efforts made to locate the document.

6.         The documents or other things responsive to the requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the request to which they are responsive.

7.         If it is otherwise not possible to produce any document called for by any request,

4

or if any part of any request is objected to, the reasons for the objection should be stated with specificity as to all grounds and, for the convenience of the Court and the parties, each request should be quoted in full immediately preceding the objection.

8.          These documents requests shall be deemed continuing and require further and supplemental production by you as and whenever you acquire, make or locate additional documents between the time of the initial production and the time of final judgment in this action.

## SUBPOENAED ITEMS

For the period January 1, 1990, to the present:

1.          All fee or fee-sharing agreements or arrangements entered into by CDR, you, ICS, or any entity controlled by you or with which you are or were associated, in connection with the bidding or purchase of municipal investment agreements or swaps, including without limitation agreements or arrangements with financial advisors, swap counterparties, brokers, and providers.

2.          All documents reflecting fees paid to third parties in connection with the bidding or purchase of municipal investment agreements or swaps, including without limitation fees paid to financial advisors, swap counterparties, brokers, and providers.

3.          All documents reflecting fees paid to CDR, you, ICS, or any entity controlled by you or with which you are or were associated, in connection with the bidding or purchase of municipal investment agreements or swaps.

4.          All documents reflecting certifications made by CDR, you, ICS, or any entity controlled by you or with which you are or were associated, in connection with the bidding or purchase of municipal investment agreements, including without limitation

5

certifications provided to municipal issuers or any agent of a municipal issuer, including without limitation financial advisors and bond counsel.

5.      Corporate tax returns filed on behalf of CDR, ICS, or any entity controlled by you or with which you are or were associated, and any supporting documents, including all schedules and attachments, 941s, 1040s, 1099s, 1120s, 1120-Ss, and other documents reflecting or reporting income of CDR, ICS, or any entity controlled by you or with which you are or were associated.