UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-X
UNITED STATES OF AMERICA,                     :
                                              :
              Plaintiff,            :
                                              :    Case No. 10-CR-00654 (HB)
      v.                              :
                                              :
CAROLLO, ET AL.,                              :
                                              :
              Defendants.           :
\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-X

## MEMORANDUM OF LAW IN SUPPORT OF
## DANIEL NAEH'S MOTION TO QUASH SECOND GOLDBERG SUBPOENA

HOFFINGER STERN & ROSS LLP
150 East 58th Street, 19th Floor
New York, NY 10155
(212) 421-4000
*Attorneys for Non-Party Daniel Naeh*

# TABLE OF CONTENTS

Table of Authorities ..................................................................................................................ii

Preliminary Statement ............................................................................................................... 1

Statement of Facts..................................................................................................................... 2

Argument ................................................................................................................................... 3

    A.  The Subpoena Impermissibly Seeks Documents That Are Neither
        Relevant Nor Admissible.............................................................................................. 4

    B.  The Subpoena Seeks Documents Already Produced by Naeh to DOJ
        and We Understand Produced by DOJ to Mr. Goldberg ........................................... 6

Conclusion ................................................................................................................................ 7

# TABLE OF AUTHORITIES

### Cases

Rahman v. Smith & Wollensky Rest. Group, Inc.,
  No. 06 CV 6198, 2007 WL 1521117 (S.D.N.Y. 2007) ...................................................... 6

United States v. Boyle,
  No. 8 CR 523, 2009 WL 484436 (S.D.N.Y. 2009) .......................................................... 6

United States v. Cherry,
  876 F. Supp. 547 (S.D.N.Y. 1995) .................................................................................. 5

United States v. Coriaty,
  No. 99 CR 1251, 2000 WL 1099920 (S.D.N.Y. 2000) .................................................... 5

United States v. Jasper,
  No. 00 CR 825, 2003 WL 110726 (S.D.N.Y. 2003) ........................................................ 5

United States v. Nixon,
  418 U.S. 683 (1974) ................................................................................................ 4, 5, 6

United States v. RW Prof'l Leasing Services Corp.,
  228 F.R.D.158 (E.D.N.Y. 2005) .................................................................................. 6, 7

United States v. Treacy,
  No. 08 CR 0366, 2008 WL 5082884 (S.D.N.Y. 2008) .................................................... 4

### Laws and Rules

Fed. R. Crim. P. 17(c) ............................................................................................... passim

Fed. R. Crim. P. 17(c)(2) .................................................................................................. 1

Fed. R. Evidence 608(b) ................................................................................................... 5

Fed. R. Evidence 609 ....................................................................................................... 6

15 U.S.C. § 1 .................................................................................................................... 2

18 U.S.C. § 371 ................................................................................................................ 2

18 U.S.C. § 1343 .............................................................................................................. 2

**Preliminary Statement**

Pursuant to Fed. R. Crim. P. 17(c)(2), non-party Daniel Naeh – a cooperating government witness – respectfully requests that this Court quash Defendant Steven Goldberg's March 1, 2012 subpoena ("the Second Goldberg Subpoena"). The Second Goldberg Subpoena is attached as Exhibit 1 to the accompanying Declaration of Susan Hoffinger ("Hoffinger Decl.").

First, the subpoena seeks documents relating to Mr. Naeh's personal company, Integrated Capital Strategies ("ICS"). The documents requested – ICS' financial documents reflecting payment of fees (Requests 1-3), certifications made by ICS (Request 4) and ICS' corporate tax returns and related documentation (Request 5) – are neither relevant to nor admissible in the case at trial against Mr. Goldberg and therefore should be precluded under Rule 17(c). To the extent that these documents may be sought for potential impeachment of Mr. Naeh, their production may not be demanded according to Rule 17(c).

Second, the subpoena seeks CDR documents regarding CDR's fees and certifications (Requests 1-4). Mr. Naeh has already produced numerous CDR documents to the Department of Justice ("DOJ"). It is our understanding that DOJ thereafter produced those documents (excluding any protected by CDR's attorney-client privilege) to Mr. Goldberg and his co-defendants. (Hoffinger Decl. ¶8.) It is unreasonable to compel Mr. Naeh to produce again all those CDR documents that he already produced to DOJ and that DOJ produced to Mr. Goldberg. To the extent that Mr. Naeh has any responsive CDR documents that were not produced to DOJ, we will produce those to Mr. Goldberg.

**Statement of Facts**

From approximately 1990 to August of 2004, Mr. Naeh worked for CDR, a company that marketed financial products and services, including services as a broker and advisor, to various municipalities throughout the United States. (Hoffinger Decl. ¶4.) After he left CDR, in 2004, Mr. Naeh founded his own company, ICS, to provide investment advisory and bidding services to tax exempt entities in the United States. (Hoffinger Decl. ¶4.)

Mr. Goldberg is charged with having conspired with CDR in connection with bidding for contracts for the investment of municipal bond proceeds and other municipal finance contracts, from about 1999 to 2006. Mr. Goldberg is not charged with having conspired with Mr. Naeh's company, ICS, which Mr. Naeh founded after he left CDR. (Hoffinger Decl. ¶5.)

On February 23, 2010, Mr. Naeh pled guilty to three crimes, 15 U.S.C. § 1, 18 U.S.C. § 371 and 18 U.S.C. § 1343 – all committed while Mr. Naeh was employed by CDR. (Hoffinger Decl. ¶6.) Attached to the accompanying Hoffinger Declaration as Exhibit 2 is a copy of Mr. Naeh's plea agreement with DOJ, which sets out in Schedule A Mr. Naeh's factual plea statement specifying that those crimes were committed while Mr. Naeh was "employed with CDR". (Hoffinger Decl. ¶6.) Mr. Naeh has never been charged with any crimes committed in connection with work with his company, ICS. (Hoffinger Decl. ¶7.)

On March 1, 2012 Mr. Goldberg's counsel provided the Second Goldberg Subpoena to our firm, requesting various financial documents and tax returns relating to Mr. Naeh's company ICS. (See Requests 1-5.) In substance, the Requests seek documents reflecting fee-sharing agreements entered into by ICS (Request 1), fees paid to third parties by ICS (Request 2), fees paid to ICS (Request 3), certifications made by ICS (Request 4), and corporate tax returns filed

2

by ICS, including supporting documents (Request 5). See Second Goldberg Subpoena, Hoffinger Decl. Exhibit 1.

The Second Goldberg Subpoena also requests documents reflecting CDR's fee arrangements (Request 1), fees paid by CDR to third parties (Request 2), fees paid to CDR (Request 3) and certifications made by CDR (Request 4). See Second Goldberg Subpoena, Hoffinger Decl. Exhibit 1.

Mr. Naeh has already produced to DOJ numerous CDR documents (Hoffinger Decl. ¶8.) It is our understanding that DOJ produced those documents to Mr. Goldberg and his co-defendants, excluding any documents protected by CDR's attorney-client privilege. It is also our understanding that DOJ has reached out to Mr. Goldberg's counsel to resolve any concerns about the CDR documents that DOJ produced to the defendants. (Hoffinger Decl. ¶8.)

**Argument**

Mr. Naeh objects to the requests in the Second Goldberg Subpoena that seek ICS' financial documents and tax returns because the requests run afoul of Rule 17(c): they seek documents that are unrelated to the conspiracies and frauds for which Mr. Goldberg is charged and therefore will not be admissible at trial. Their use for potential impeachment of Mr. Naeh is precluded under Rule 17(c).

Mr. Naeh also objects to the requests in the Second Goldberg Subpoena that seek CDR documents to the extent that they seek documents that Mr. Naeh has already produced to DOJ, and which we understand DOJ thereafter produced to Mr. Goldberg (excluding any documents protected by attorney-client privilege). (Hoffinger Decl. ¶8.) It is unreasonable to compel Mr. Naeh to produce those CDR documents again when Mr. Goldberg has obtained those records

from another source, DOJ. To the extent that Mr. Naeh has any responsive CDR documents that were not produced to DOJ, we will produce those to Mr. Goldberg.

### A. The Subpoena Impermissibly Seeks Documents that are Neither Relevant nor Admissible

It is well established that the proponent of the subpoena, Mr. Goldberg, bears the burden of demonstrating the evidentiary purpose and relevancy of the documents he requests under Rule 17(c). In United States v. Nixon, 418 U.S. 683, 700 (1974), the Supreme Court made clear that the proponent of the subpoena "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." At least two of those hurdles – relevancy and admissibility – cannot be cleared with respect to the ICS financial records and tax returns.

First, Mr. Goldberg is not charged with having conspired with Mr. Naeh's company, ICS. (Hoffinger Decl. ¶5.) Second, Mr. Naeh has not been charged with any crime in connection with his work with ICS. (Hoffinger Decl. ¶7.) Mr. Naeh's plea of guilty relates to his work for CDR. (Hoffinger Decl. ¶6.) Therefore, the financial documents and tax returns of Mr. Naeh's company, ICS – established after he left CDR – are not relevant to the charges, nor admissible at trial.

If, however, the ICS financial documents and tax returns are being sought for potential impeachment of Mr. Naeh, the Supreme Court in Nixon established that Rule 17(c) subpoenas may not be used to obtain pre-trial discovery for materials whose use is limited to potential impeachment. See Nixon, 418 U.S. at 700-01. Following Nixon, Southern District Courts have repeatedly quashed Rule 17(c) subpoenas seeking to obtain impeachment materials. See United States. v. Treacy, 2008 WL 5082884 (S.D.N.Y. 2008, Carter, J.) (defendant's subpoena to third parties seeking documents from law firms, consultants, and tax auditors quashed because

defendant did not demonstrate that documents sought had any evidentiary value outside impeachment); United States v. Jasper, 2003 WL 110726 at *1-2 (S.D.N.Y. 2003, Leisure, J.) (defendant's subpoena for the personnel files of three potential government witnesses quashed because defendant "failed to show that the documents sought in the subpoena will be used for anything other than impeachment purposes."); United States v. Cherry, 876 F. Supp. 547, 553 (S.D.N.Y. 1995, Haight, J.) (defendant's subpoena quashed where documents sought could be used only as impeachment material, because such "narrow purpose does not qualify them as evidentiary under Rule 17(c)").

Here the ICS financial documents and tax returns being sought have no purpose other than potential impeachment, and therefore are not permitted by Rule 17(c). In United States v. Coriaty, 2000 WL 1099920 (S.D.N.Y. 2000, Batts, J.), the court denied defendants' subpoenas to non-parties for personal and business tax returns, business income and expense reports, and brokerage account records where the defendants – charged with conspiracy, securities fraud and wire fraud – failed to demonstrate that the material sought was either evidentiary or relevant. The Court confirmed that "courts have consistently interpreted the admissibility standard of Rule 17(c) to preclude production of materials whose evidentiary use is limited to impeachment." Id. at *7-8 (citing Cherry, 876 F. Supp 547 and Nixon, 418 U.S. at 701).

How the ICS financial documents and tax returns are relevant to the charges at issue in this case, or admissible in evidence – the first two hurdles established by Nixon – is unclear. Their possible use to impeach Mr. Naeh is manifestly insufficient to demand their production.[1] The Court should quash the Second Goldberg Subpoena's requests seeking ICS documents.

---

[1] See, e.g., Rule 608(b) which provides that: "Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other

5

## B. The Subpoena Seeks Documents Already Produced by Naeh to DOJ and We Understand Produced by DOJ to Mr. Goldberg

It is well established that as the proponent of the 17(c) subpoena, Mr. Goldberg, also bears the burden of demonstrating that the documents sought "are not otherwise procurable reasonably in advance of trial by exercise of due diligence." See Nixon, 418 U.S. at 699. Here, Mr. Naeh has already produced to DOJ numerous CDR documents, which we understand DOJ thereafter produced to Mr. Goldberg and his co-defendants (excluding any protected by CDR's attorney-client privilege). (Hoffinger Decl. ¶8.)

It would be unreasonable to compel Mr. Naeh to produce documents when they have already been produced by, and are readily obtainable from, another source - namely, DOJ.[2] See United States v. Boyle, 2009 WL 484436 at *3 (S.D.N.Y. 2009, McMahon, J.) (refusing to issue 17(c) subpoena, in part, because "[i]t is also likely that many of the documents that defendant seeks in his subpoena are obtainable from another source – the United States Attorney's Office – with little or no diligence required."); United States v. RW Prof'l Leasing Services Corp., 228 F.R.D.158, 164 (E.D.N.Y. 2005, Spatt, J.) (defendant's document requests to non-party denied as

---

than the conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence." The documents sought here are inadmissible extrinsic evidence.

Notably, with respect to the ICS tax returns, although there is no privilege protecting tax returns, the courts have been reluctant to require disclosure of tax returns because of both "the private nature of the sensitive information contained therein" and "the public interest in encouraging the filing by taxpayers of complete and accurate returns." Rahman v. Smith & Wollensky Rest. Group, Inc., 2007 WL 1521117 at *7 (S.D.N.Y. 2007, Francis IV, U.S.M.J.) (internal citations removed).

[2] Compelling Mr. Naeh to produce CDR documents already produced to DOJ raises an issue of CDR's attorney-client privilege. It is our understanding that there may have been a privilege review of the CDR documents before DOJ produced them to defendants. If Mr. Naeh is compelled to produce CDR documents to Mr. Goldberg, CDR may need to review the documents for privilege.

6

unreasonable and unnecessary where documents sought were apparently in the possession of the Government and would therefore be readily obtainable in the usual manner).

Under the circumstances, the Court should not compel Mr. Naeh to produce to Mr. Goldberg CDR documents that have already been produced by Mr. Naeh to DOJ and we understand thereafter produced by DOJ to Mr. Goldberg. To the extent that Mr. Naeh has any responsive CDR documents that were not produced to DOJ, we will produce those to Mr. Goldberg.

**Conclusion**

We respectfully request that the Court quash the Second Goldberg Subpoena requests demanding 1) financial documents and tax returns from Mr. Naeh's company, ICS, because the documents requested are neither relevant to the charges at issue nor admissible at trial and 2) CDR documents from Mr. Naeh, to the extent that Mr. Naeh already produced CDR documents to DOJ, and DOJ produced those documents to Mr. Goldberg (excluding any protected by CDR's attorney-client privilege). Mr. Naeh will produce to Mr. Goldberg any responsive CDR documents that were not produced previously to DOJ.

Dated: New York, New York
       March 9, 2012

                                          HOFFINGER STERN & ROSS, LLP

                                          BY: _____
                                                 Susan Hoffinger

7